JOHN FALKENBERG v. HARVEY STOUT, *an Infant, etc.*

No. 14,781   (88 Pac. 874.)

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Infant—Special Findings Contrary to General Verdict:* The special findings in this case show that the defendant was not guilty of negligence in leaving a large stone leaning against the side of his building over an opening in the sidewalk, which stone a boy thirteen years old, and not of sufficient capacity to understand his danger, pulled over upon himself, to his injury.

Error from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed February 9, 1907. Reversed.

*F. A. Dinsmoore,* and *Ivan D. Rogers,* for plaintiff in error.

*Kos Harris,* and *Ready & Ready,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The defendant is the owner of a two-story brick building located at the southeast corner of Fifth avenue and Main street, in the city of Caldwell. On the north side of the building is an outside iron stairway, leading to the second story. In the sidewalk under the stairway is an opening covered with a grating. The covering of the opening becoming defective, the defendant leaned a large stone over it to make the place safe. The plaintiff, a boy thirteen years old, pulled the stone over upon himself so that it crushed his ankle. He sued the defendant for damages, alleging among other facts that the place was attractive to children and that children congregated to play in the vicinity of and about the stone. At the trial the jury returned a general verdict for the plaintiff, and also returned the following special findings:

"(1) Ques. What was the age of Harvey Stout at

Falkenberg v. Stout.

the date of the injury complained of? Ans. Thirteen years.

"(2) Q. At the date of the injury did the boy, Harvey Stout, possess the same intelligence and foresight that boys of his age ordinarily possess? A. No."

"(7) Q. What was the size of the rock which fell upon the boy's leg? A. About 5" thick, 3 ft. 6" long, 2 ft. 6" wide.

"(8) Q. Did not the boy, Harvey Stout, take hold of the top of the rock with his hand or hands and tip or pull the rock away from the side of the building? A. Yes."

"(10) Q. If you answer No. 9 in the negative, then state the distance the lower end of the rock was from the building. A. Between 12 and 15 inches.

"(11) Q. Was there any one with the boy, Harvey Stout, at the time of the accident? A. No.

"(12) Q. Did not the boy, Harvey Stout, after making one or more efforts to pull the rock away from the building with his hand or hands, put his foot against the wall of the building, and with his hand or hands tip or pull the rock over onto the sidewalk? A. No.

"(13) Q. If you answer No. 12 in the negative, then state fully just what the boy did and how the rock came to fall on the boy's leg? A. He pulled it over.

"(14) Q. Was the place where the accident occurred a playground or a place where children were in the habit of playing or congregating? A. No."

"(16) Q. Was there anything attractive to children at the point where the accident occurred? A. No."

"(19) Q. Was the boy, Harvey Stout, of sufficient age and knowledge to know the danger of pulling the rock away from the building? A. No.

"(20) Q. Was the rock, just prior to the accident, in such a position as an ordinarily prudent person would consider dangerous and unsafe? A. No.

"(21) Q. Would an ordinarily prudent person have anticipated that the rock as it stood against the building would injure any one in the exercise of ordinary care? A. No.

"(22) Q. Did the rock as it leaned against the side of the building just prior to the accident block or interfere with the use of the sidewalk? A. No.

"(23) Q. How wide was the sidewalk at the point where the accident occurred? A. Ten feet."

A motion for judgment for the defendant on the spe-

cial findings was denied and judgment was entered for the plaintiff on the general verdict. The defendant prosecutes error:

It is conceded that the special findings are such as to acquit the plaintiff of contributory negligence, but it is urged they likewise show the defendant to have been free from actionable fault.

The defendant was bound to exercise ordinary care in the use of his property to prevent injury to others. This duty included the obligation to keep the sidewalk free from dangerous obstructions to its use. It also included the obligation not to imperil in any other way, so far as reasonable prudence could foresee, the safety of persons rightfully upon the premises. The defendant had the right to expect that persons of ordinary capacity would themselves exercise due care, but the place was open to the use of children, and he was bound to act with full knowledge of their inexperience. Even although children were not in the habit of congregating or playing there, they had the right to be on the sidewalk, and were certain to be there. Hence he was required to keep away from them things naturally hurtful with which they would likely come in contact. Besides this, he was bound to take into account childlike propensities and the impulses of children to yield to the fascination of alluring things.

It is not suggested that reasonable care on the part of the defendant, under all the circumstances of the case, included any other duties.

The special findings show that the stone did not interfere with the use of the sidewalk, and that an ordinarily prudent person would not have anticipated that the stone would injure any one in the exercise of due care. They further show, not only that children were not in the habit of playing or congregating at the place of the accident, but that there was nothing attractive to children there; and they show that an ordinarily prudent person would not have considered the stone to

be dangerous or unsafe in the position which it occupied.

Finding No. 20 is general, and was returned under full instructions which made foresight for the safety of boys like Harvey Stout a part of the defendant's duty. There is, therefore, nothing upon which to predicate a liability for negligence.

The judgment of the district court is reversed and the cause remanded, with direction to enter judgment for the defendant upon the findings of fact.